UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Angeletta Paige,

Plaintiff

v.

ARCNV, Inc., et al.,

Defendants

Case No. 2:25-cv-00954-CDS-DJA

**Order Granting in Part and Granting in Full Defendants' Motions to Dismiss**

[ECF Nos. 31, 38]

Plaintiff Angeletta Paige brings this Fair Labor Standards Act (FLSA) action, and related state law claims, on behalf of herself and others similarly situated against defendants ARCNV and Regis Corporation. First am. compl., ECF No. 27. On October 6, 2026, ARCNV filed a motion to dismiss counts 1–4 of Paige's first amended complaint (FAC). MTD-1, ECF No. 31. This motion is fully briefed. *See* Opp'n, ECF No. 32; Reply, ECF No. 35. On December 8, 2025, Regis moved to dismiss the FAC. MTD-2, ECF No. 38. This motion is also fully briefed. Resp., ECF No. 39; Reply, ECF No. 40. For the reasons explained herein, ARCNV's motion to dismiss is granted in part and Regis's motion is granted in full.

## I. Background

The following is a summary of allegations drawn from the FAC.[1] Paige has worked at SmartStyles Salon since October 2011 and was a Salon Manager for many years. ECF No. 27 at ¶ 26. Specifically, Paige was employed at SmartStyles as a Salon Leader[2] in September 2020 when Anthony and April Creed, the owners of ARCNV, took over SmartStyles as Regis Franchisees. *Id.* at ¶ 25.

[1] Unless otherwise noted, the court only cites the FAC (ECF No. 27) to provide context to this action, not to indicate a finding of fact.

[2] Paige's role was renamed from salon manager to salon leader around May 30, 2023. ECF No. 27 at 4, ¶ 27.

Paige was told her base rate of pay was $12.00, and when she took vacation or holiday time, she was paid $12.00 per hour for 40 hours per week or eight hours per day.[3] ECF No. 27 at 5, ¶¶ 31–32. But she was not paid $12.00 per hour for the hours she spent at the salon or under the direction of her employer outside the salon; rather, she only received product commissions, service commission, and tips. *Id.* at ¶ 34. Paige's product commissions and service commissions were counted for as her wages on her wage records. *Id.* at ¶ 35.

Paige asserts that, under NRS 608.016, the defendants owe her regular rate of pay for all hours worked. *Id.* at ¶ 52. Paige contends that she worked more than 80 hours a week, but was not paid for overtime. Instead, she was told that her product commissions and service commissions covered both her hourly rate and overtime. *Id.* at 5, ¶¶ 36–38. In particular, Paige's pay period from February 26, 2023, to March 11, 2023, reflects 77.2 hours of regular time and 0.81 hours of overtime. *Id.* at ¶ 49. Paige also worked two hours of undocumented time per week in Zoom calls, mandatory meetings, and bank runs, for a total overtime of 4.81 hours. *Id.* at ¶ 50. The defendants specifically told Paige that she did not have to be paid overtime because her product and service commissions covered her overtime. *Id.* at ¶ 54. Thus, Paige contends that the defendants did not accurately record or pay Paige for all the hours that she worked because they systematically underreported and underpaid her. *Id.* at ¶ 65.

Paige also brings allegations of racial discrimination, retaliation, constructive discharge, and a hostile work environment. *Id.* at 8. She contends that there was a segregated work atmosphere and she was given a heavier workload. *Id.* at 9, ¶ 87. As a result, Paige further contends that there was a collective campaign of her white managers to constructively discharge her, the sole black stylist. *Id.* at ¶ 88. Further, Paige alleges that she was retaliated against as a result of her "pointing out that the salon was run in a segregated manner" and "when [the d]efendants manufactured pretextual reasons to demote." *Id.* at ¶¶ 90, 194–95.

---

[3] It is unclear from the face of the FAC *when* Paige was told this information.

Tragically, Paige's son was murdered on April 26, 2023, and after his passing, Paige was granted time-off from the salon. Despite being granted that time off, and while not precisely clear what date, Paige was contacted by her supervisor and instructed to join a mandatory meeting during that time. *See id.* at 10, ¶¶ 91–93. Paige alleges that ARCNV and SmartStyles decided to demote her in retaliation for her complaint and because of her failure to play "cheerful n[***]" during the mandatory Zoom meeting. *Id.* at ¶ 104.

Then, on May 30, 2023, Paige was accused of certain actions she had not done and, as a result of those accusations, she was demoted from Salon Leader to Stylist. *Id.* at 10, ¶ 106.[4] Further, as a result of those accusations, she was informed that she could keep her job on the condition that she was demoted to Stylist, and to leave the Salon near her home.[5] *Id.* at 11, ¶ 108. During this same meeting, she was given a piece of paper noting that she had voluntarily quit and was told to sign it.[6] *Id.* at ¶ 109. Paige alleges that her working conditions were intolerable and that she had had no other reasonable course of action but to quit. *Id.* at ¶¶ 111–12.

As a result of the aforementioned events, Paige filed a Charge of Discrimination against ARCNV, Inc. and Regis Corp. dba SmartStyles Hair Salon based on race, retaliation, constructive discharge, and hostile work environment on June 24, 2024. *Id.* at 12, ¶ 131. On June 30, 2025, Paige received her right to sue letter from the Nevada Equal Rights Commission. *Id.* at ¶ 134. Paige brought this action alleging: (1) failure to pay overtime under FLSA and Nevada law; (2) failure to pay wages for each hour worked under NRS 608.016; (3) failure to pay all compensation due at separation from employment under NRS 608.020; (4) racial discrimination in violation of 42 U.S.C. § 2000 and NRS 613.330; (5) retaliation under NRS 613.340 and

---

[4] Paige asserts that the defendants provided pretextual reasons in firing her to mask their racist behavior. ECF No. 27 at ¶¶ 107, 132. Those reasons include—Paige's failure to smile and say hello during the mandatory meeting; she was accused of failing to help or coach her stylists; and missing a mandatory meeting. *See id.* at 11–12, ¶¶ 113, 116, 121.

[5] It is unclear from the face of the FAC to where Paige was transferred.

[6] It is unclear from the face of the FAC if Paige signed this document or not.

42 U.S.C. § 2000; (6) constructive discharge in violation of public policy; and (7) hostile work environment. ECF No. 27.

## II. Legal authority

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, in reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Kwan v. SanMedica, Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the court grants a motion to dismiss for failure to state a claim, then leave to amend should be granted unless the deficiencies of the complaint cannot be cured by amendment, rendering amendment futile. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III. Discussion

### A. ARCNV's motion to dismiss is granted in part.

ARCNV moves to dismiss Paige's first four claims, arguing that she was not entitled to overtime as a matter of law based on her own admissions that she was exempt from overtime

under the retail or service exemption. ECF No. 31. Specifically, ARCNV asserts that Paige's complaint shows ARCNV's clear compliance with the exemption under § 7(i). *Id.* at 9. As to Paige's NRS claims, ARCNV asserts that the state-law claims do not provide her with an alternative avenue of relief either because Nevada law explicitly incorporates the § 7(i) exemption. *Id.* Further, ARCNV contends that while Paige argues she was not covered by the exemption "because she was paid no wages per hour," *id.* (citing ECF No. 27 at ¶ 60), this cannot save her claims because the federal regulations interpreting the FLSA and Nevada state law make clear that commissions are wages. *Id.* (citing 29 C.F.R. § 778.117 and NRS 608.012(2)). Finally, ARCNV argues that Paige's earnings satisfy the requirements of NRS 608.018(3)(c)), so recovery for alleged overtime is precluded. *Id.* at 10.

In opposition, Paige requests the court to deny ARCNV's motion to dismiss with respect to her third and fourth claims brought under NRS 608.016 and NRS 608.020–050. ECF No. 32.[7] Paige maintains that she worked hours for which she was not paid, and under NRS 608.016, she must be paid her regular rate of pay for those hours. *Id.* at 3 (citing ECF No. 27 at ¶¶ 29, 30, 40–41)). Paige contends that she properly alleged that she was not paid for all hours worked under NRS 608.016 because her unrecorded hours were not compensated. She therefore avers she was not paid all wages due and owing when she was constructively discharged, which violates NRS 608.020. *Id.* In reply,[8] ARCNV argues that Paige's concession that counts one and two of the FAC should be dismissed is fatal to her remaining wage-based claims. ECF No. 35.

### 1. *Paige's third cause of action*

Nevada law requires employers to pay their employees for each hour worked. *See* NRS 608.016. Nevada courts look to the federal standards for guidance in applying Nevada's

---

[7] Because Paige concedes dismissal of her first and second claims, the motion is granted as to those two claims as unopposed. *See* ECF No. 32 at 3 n.4 (Paige admitting that ARCNV's motion with respect to her first and second claims under 29 U.S.C. § 207 and NRS 608.018 is persuasive).

[8] I note for the record, although ARCNV requests the court dismiss Paige's fourth claim in its reply, ARCNV does not provide any additional arguments addressing Paige's position concerning that cause of action. *See generally* ECF No. 35. Rather, the majority of its reply focuses on the third cause of action.

wage laws. *See Terry v. Sapphire Gentlemen's Club*, 336 P.3d 951, 957 (Nev. 2014). ARCNV argues that Nevada law does not provide Paige with an alternative avenue for relief. ECF No. 31 at 9. In opposition, Paige argues that there is no provision in Nevada law that allows $1,960.32 to be distributed over the unrecorded two extra hours to cover a violation of NRS 608.016. ECF No. 32 at 5.[9] In reply, ARCNV contends that Paige's self-admitted "novel legal theory" that an employee who is paid entirely by commissions is nonetheless entitled to pay for each hour worked under NRS 608.016 is not supported by the law. ECF No. 35. ARCNV further argues that Paige has not alleged anything within the four corners of her amended complaint that would implicate NRS 608.016 and that the holding in *Lucas v. Bell Trans*, 2011 U.S. Dist. LEXIS 135623 (D. Nev. Nov. 22, 2011), is fatal to her remaining wage-based claims. *Id.* at 5–6.

Upon review of the parties' arguments, I deny ARCNV's motion to dismiss as to Paige's third cause of action. Paige brings her third claim under NRS 608.016, which requires an employer to pay its employee "wages for each hour the employee works." *See* ECF No. 27 at 17 (citing *Allen v. Vocatus*, LLC, 645 F. Supp. 3d 1037, 1047 (D. Nev. 2022). In Paige's opposition, she explains she "simply claims that she worked hours for which she was not paid and under NRS 608.016 she must be paid her regular rate of pay for those hours." ECF No. 32 at 3.

Paige indeed alleges that rather than being paid $12.00 per hour for the hours she spent at the salon or under the direction and control of her employer outside the salon, ECF No. 27 at 5, ¶ 34, she instead received solely product commissions, service commission and tips, *id.* at ¶ 34. She also alleges in her complaint that she was told that her product commissions and service

---

[9] Paige also argues that

> NRS 608.016's "all hours worked" protects those workers from the indignity and economic hardship of working and not being paid. NRS 608.016 is not meaningless. It must be found distinct and actionable. A ruling that the application of NRS 608.016 here has no meaning is to relegate NRS 608.016 to the dustbin of surplusage . . . in violation of the "particularly strong" principle preventing it.

ECF No. 32 at 7. In reply, ARCNV argues that Paige's argument regarding the canon against surplusage is misplaced. ECF No. 35 at 6–7. ARCNV further argues that Paige is not entitled to something else on top of the appropriate commissions paid to her as an exempt employee. *Id.* at 8. Because I find that Paige's third claim is sufficiently pled, I do not consider the parties' statutory construction argument.

commissions covered her hourly rate and overtime. *Id.* at ¶ 38. She further alleges that she received no wages for mandatory Salon evening events, Zoom calls, and her pay records do not track this time either. *Id.* at ¶ 40. These allegations are sufficient to survive a motion to dismiss at this stage of the proceedings. *See Porteous v. Cap. One Servs. II, LLC*, 809 F. App'x 354, 357 (9th Cir. 2020) (citing NRS 608.016 and finding that plaintiff plausibly alleged she worked hours for which she should have been, but was not, paid, and that she worked hours for which she was legally entitled to but did not receive overtime compensation, and that these wages earned and owing remain unpaid after termination of service).

Because Paige plausibly alleges that she worked uncompensated hours and ARCNV was required to pay her for those hours, I find that the allegations in her FAC survive this stage of the proceedings. The court need not determine at this stage whether or not Paige actually falls under the exemption ARCNV claims.[10] Rather, the court need only determine whether Paige sufficiently pleads a claim under NRS 608.16. And I find that she does. So ARCNV's motion is denied as to Paige's third claim.

### *2. Paige's fourth claim*

In her fourth claim, Paige asserts that by failing to pay her and the waiting time subclass members for all hours and overtime worked, the defendants also failed to timely remit all wages and compensation due and owing to Paige and waiting time subclass members upon separation from their employment. ECF No. 27 at 18. Paige demands up to thirty-day pay wages pursuant to NRS 608.040 and NRS 608.050, together with attorney's fees, costs, and interest. *Id.*

To claim waiting time penalties under NRS 608.040, "[t]he worker must have resigned, quit, or been discharged; the employer must have failed to pay the wages when due, . . . and the worker must be an 'employee' within the meaning of NRS Chapter 608." *Chapman v. L.V. Basketball*

---

[10] ARCNV argues that *Lucas* is fatal to Paige's third cause of action, but I find *Lucas* unpersuasive here because the motion before the court is a motion to dismiss, not a motion for summary judgment. In *Lucas*, the court explained that the "Plaintiffs [did] not present evidence that Defendants required Plaintiffs to work without wages during a trial or break-in period." *Lucas*, 2011 U.S. Dist. LEXIS 135623, at *25. Here, Paige does not have this burden at this stage.

*L.P.*, 2024 U.S. Dist. LEXIS 144368, at *10 (D. Nev. Aug. 14, 2024) (citing *Myers v. Reno Cab Co., Inc.*, 492 P.3d 545, 554 (Nev. 2021) (en banc)). Unlike NRS 608.040, which provides a private right of action for employees whose employment was involuntarily or voluntarily terminated, NRS 608.050's plain language provides a cause of action for employees whose employment was involuntarily terminated. *See Evans v. Wal-Mart Store, Inc.*, 2018 U.S. Dist. LEXIS 246720, at *14 (D. Nev. July 11, 2018).

As to her fourth claim, Paige argues that if there is a violation of NRS 608.016, then there is a violation of NRS 608.040. *Id.* at 7. Moreover, Paige contends that the parties agree that if unpaid hours are outstanding at termination—which they are for her—then the defendants failed to pay all wages due and owing at termination. *Id.*

Construing the FAC in the light most favorable to Paige, I find that Paige has a cognizable claim against ARCNV under NRS 608.040 because, as alleged, she had no reasonable course of action but to quit which constitutes a constructive discharge, ECF No. 27 at ¶¶ 112, 129–130, and she was not paid wages within the required time period, *id.* at ¶¶ 140, 180–183. So ARCNV's motion to dismiss the fourth claim is denied.

**B. Regis's motion to dismiss is granted.**

Regis moves to dismiss Paige's FAC for the following reasons: (1) Paige failed to obtain written consent or leave of court under Federal Rule of Civil Procedure 15(a) to file her FAC to add new claims; (2) the allegations in the FAC demonstrate that Paige was exempt from overtime under the retail or service exemption and thus not entitled to overtime as a matter of law; and (3) Paige failed to allege sufficient facts to support that she was jointly employed by ARCNV, Inc.'s franchisor, Regis. ECF No. 38 at 2.

Regis further argues that the FAC lacks sufficient factual allegations to establish that Regis had a joint-employment relationship with Paige during the relevant statutory period. *Id.* at 3. Regis avers that the pleadings and exhibits confirm that Paige was paid by—and allegedly demoted and disciplined by—ARCNV, not Regis. *Id.*

In opposition, Paige asserts that Regis's arguments have no merit, ECF No. 39 at 1, and argues that (1) she properly amended as to non-answering defendant ARCNV so under *Bancoult v. McNamara*, 214 F.R.D. 5 (D.D.C. 2003), the FAC is the operative complaint; (2) she has conceded her overtime claims and Regis only cites one case in support for their request to dismiss her third and fourth causes of actions; and (3) that she sufficiently alleges a co-employment situation. *Id.* at 1–2.[11]

In reply, Regis argues that: (1) Paige's opposition effectively concedes the procedural impropriety of the FAC as to Regis, arguing that she properly amended as to a different defendant, ARCNV instead, so Paige's fifth through eighth claims must be dismissed; (2) Paige concedes that the FAC fails to state a claim as her first and second claims;[12] (3) Paige concedes that she was properly classified as overtime exempt, so Paige cannot oppose the third element of exemption; and (4) that Paige seeks to improperly introduce evidence outside the scope of the FAC. ECF No. 40 at 2.

### 1. *Paige needed to obtain leave to amend to assert claims against Regis in the FAC.*

Paige improperly brought new claims against Regis without first obtaining leave of court. Paige filed her initial complaint on May 30, 2025. ECF No. 1. Regis was served on June 17, 2025. ECF No. 8. And Regis filed an answer to the complaint on July 8, 2025. ECF No. 9. Paige then filed her FAC on September 22, 2025, ECF No. 27. And the pending motions to dismiss followed, ECF Nos. 31, 38.

Regis asserts that Paige did not obtain leave from the court or Regis's consent to amend her pleading to include the individual claims. ECF No. 38 at 4. In opposition, Paige argues that Regis stipulated three times that it be given more time to respond to the FAC. ECF No. 39 at 4.

---

[11] As to her wage claims, Paige also concedes to dismiss her first and second cause of action in response to Regis's motion to dismiss, so she asserts that only her third and fourth cause of action related to wage claims remain. ECF No. 39 at 3.

[12] The court does not address this argument because Paige concedes dismissing claims one and two.

Without citing *any* points and authorities, Paige argues that when a party stipulates that it will respond to a FAC within a certain time, that party has waived any argument that the complaint it responds to is not the operative complaint. *Id.*

FRCP 15 permits a plaintiff to amend the complaint once as a matter of course no later than 21 days after service of the complaint or 21 days after service of a responsive pleading or motion to dismiss, whichever is earlier. *See Cruz v. Doe*, 2026 U.S. Dist. LEXIS 149546, at *4 (E.D. Cal. July 7, 2026) (citing Fed. R. Civ. P. 15(a)(2)). After such time has passed, amendment may only be made by leave of the court or by written consent of the adverse parties. *Id.*

Here, Regis filed an answer to Paige's complaint on July 8, 2026. ECF No. 9. Paige then filed an amended complaint adding additional claims against Regis on September 22, 2025, without seeking Regis's consent. ECF No. 27. Accordingly, Regis correctly argues that it was improper for Paige to assert additional claims against Regis without its consent. This is grounds to grant Regis's motion to dismiss in part. But because Rule 15(a) is very liberal, the court would freely grant leave to amend, I nonetheless address the remaining arguments Regis raises in its motion to dismiss.

### 2. *Paige fails to assert a joint employment relationship as to Regis.*

Paige alleges that ARCNV employs more than 40 salon leaders and more than 180 stylists under a franchise arrangement with Regis. ECF No. 27 at 2, ¶ 7. Paige further alleges that Regis is the franchisor for the ARCNV properties, and that Regis does business as SmartStyles Hair Salons. *Id.* at ¶¶ 8, 11. Paige also alleges that she was employed by ARCNV and Regis at a SmartStyles Hair Salon during the relevant timeframe. *Id.* at 3, ¶ 12.[13]

Regis moves to dismiss Paige's FAC, contending that Paige does not allege non-conclusory facts to establish Regis was a joint employer during the statutory period. *See* ECF No.

---

[13] There is no indication that Regis directly paid Paige for her work at the salon. Attached to Paige's FAC are Paige's paystub earning from February 12, 2023, to February 25, 2023 (Feb. 2023 payroll, Pl.'s Ex. A, ECF No. 27), and February 26, 2023, to March 11, 2023 (Pl.'s Ex. B, ECF No. 27). The paystubs indicate that ARCNV was the employer issuing Paige's payments. *Id.*

38. In opposition, Paige asserts that she has properly alleged joint employment. ECF No. 39 at 8. To support her position, Paige improperly attaches as an exhibit her team member manual (Exhibit A to Rachel Mariner's declaration) and the franchise agreement between ARCNV and Regis (Exhibit B to Mariner's declaration). *Id.* at 9.[14]

I find that Paige's allegations and the exhibits attached to her FAC provide conflicting information. That is, while Paige alleges that Regis operated the salon she worked at, the pay stubs attached to her FAC indicate that she was paid through ARCNV, not Regis. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (explaining that when ruling on a Rule 12(b)(6) motion, the "court need not accept as true . . . allegations that contradict matters properly subject to judicial notice or by exhibit").

While Paige alleges that Regis is the franchisor for the ARCNV properties, ECF No. 27 at 2, ¶ 8, and Regis does business as SmartStyles Hair Salons, *id.* at 3, ¶ 11, as already noted, the exhibits to her FAC indicate that she was paid by ARCNV, not Regis. The conflicting information provided in the exhibit and allegations in the FAC demonstrate that Paige fails to state her third and fourth claims against Regis. While Paige provides additional information in her opposition concerning the relationship between Regis and ARCNV, that information was not plead, nor were potentially relevant exhibits attached to the FAC. Consequently, I grant Regis's motion as to Paige's third and fourth claim.

---

[14] The court does not consider nor take judicial notice of the exhibits Paige attaches to her opposition. First, the opposition's exhibits were not attached to the FAC, nor could they be construed as incorporated therein. Second, Regis correctly argues that neither the team member manual nor the franchise agreement "can be reasonably authenticated," so Paige's request for the court to take judicial notice of the exhibits must be denied. ECF No. 40 at 9. Indeed, because the exhibits are improperly attached to Paige's opposition, I do not consider them. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (material that is properly submitted as part of the complaint may be considered on a motion to dismiss); *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("documents whose contents are alleged in a complaint and **whose authenticity no party questions**, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting it into one for summary judgment) (emphasis added). Accordingly, court only considers the exhibits properly attached to her FAC. *See* ECF No. 27 at 25–36.

### *3. Paige's remaining claims fail to sufficiently allege a cause of action against Regis.*

Even in the light most favorable to Paige, the FAC fails to plead her fifth through eighth claims against Regis with the requisite particularity needed at this stage of the proceedings. Paige references the "defendants" collectively throughout claims five through eight (ECF No. 27 at 18–22). Consequently, the FAC does not sufficiently allege each element against Regis for her racial discrimination, retaliation, constructive termination, and hostile work environment claims. For instance, Paige alleges that "SmartStyles (Regis) and ARCNV felt the need to punish her for her disrespectful comments," ECF No. 27 at 10, ¶ 99, and that ARCNV and SmartStyles decided to demote Paige in retaliation for her complaint. ECF No. 27 at 10, ¶ 104. But then Paige alleges that she "knew ARCNV's ultimate goal was to fire her and the demotion was just a step," *id.* at ¶ 110, without reference to Regis. The FAC also alleges that it was ARCNV, not Regis, that took retaliatory actions against Paige. Paige's remaining claims all suffer from the same deficiency—that is, it alleges ARCNV, not Regis, took the action to demote and fire her. For these reasons, I grant Regis's motion to dismiss as to Paige's remaining claims without prejudice.

## IV. Conclusion

IT IS HEREBY ORDERED that ARCNV's motion to dismiss **[ECF No. 31] is GRANTED in part**.

IT IS FURTHER ORDERED that Regis's motion to dismiss **[ECF No. 38] is GRANTED for the reasons stated herein.**

If Paige wishes to amend her complaint, she must file a motion for leave to amend that satisfies the applicable rules by September 8, 2026.

Dated: August 24, 2026

_______________________________
Cristina D. Silva
United States District Judge